MIDDLETON *v.* STATE.

June 9, 1952.

No. 38429 (59 So. (2d) 320)

**Davis & Davis,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Roberds, P. J.**

Middleton was convicted of the offense of driving a motor vehicle upon a public highway of this State at a time when his license so to do had been suspended by the Commissioner of Public Safety. On this appeal he raises a number of questions.

He says he could not tell from the affidavit whether he was charged with so driving when his license had been suspended or when it had been revoked. Whether the license had been suspended or revoked is immaterial. Section 8110, Mississippi Code 1942, bases the offense upon such driving when the license has been "canceled, suspended or revoked". The gravamen of the crime is the driving when the driver has no license to drive.

He says the original affidavit did not charge that he was driving upon a public highway in Mississippi. That is true, but the amendment to the affidavit charged

he was driving in district 5 of Marion County upon "highway No. 24 of the State of Mississippi." It is not contended that the circuit court did not have the power to permit the amendment to be made.

It is next argued that the State should have been required to introduce the original order suspending appellant's license—that the certified copy of such order which was introduced was not competent. Section 1725, Mississippi Code 1942, provides that all public officers of this State, having charge or custody of public records, books, etc., are authorized to certify copies of such records, "which copies shall be received in evidence in all cases where the original or a sworn copy would be evidence." That section is applicable to the Commissioner of Public Safety. Such a sworn copy was introduced in evidence in this case. It was competent.

Appellant says it was necessary that he be given notice of such suspension and that the proof shows he did not receive such notice. Section 8107, said Code, does make it the duty of the Commissioner to give written notice to a licensee of the suspension of his license. We do not pass upon the effect of failure to do that, because whether, as a fact, appellant received such notice was submitted to the jury under an instruction obtained by Middleton, and the jury found that he had received it. But he says the jury should not have been permitted to so find under the evidence in this case. Here is the evidence: Defendant testified he did not receive it. That was his proof. The evidence for the State was this: V. H. Strickland, a member of the Mississippi State Highway Patrol, testified that appellant had been convicted some four or five times of reckless and drunken driving; that the witness went to the home of appellant and obtained his mailbox number and address and reported that to the Commissioner; that notice of the suspension was mailed to appellant and never returned. The Commissioner sent to Mr. Strickland a certified copy of the order suspending appellant, which certificate

recited "I hereby certify this is a true and correct copy of the notice of suspension as mailed to Percy Middleton on October 31, 1950, and has not been returned to us for failure of delivery by the postal authorities". That certified copy was introduced in evidence. Strickland also testified that he notified appellant of his suspension. It will be noted the suspension is dated October 31, 1950. Defendant was a resident of Marion County. He did not surrender his suspended license as requested by the order of the Commissioner and as was his duty under the law, but on December 11, 1950, he applied to the sheriff of Copiah County for renewal of his Marion County license. This testimony on behalf of the State justified the finding by the jury that Middleton received the notice of suspension of his license mailed to him by the Commissioner, especially in view of the fact appellant had been convicted a number of times of violation of the traffic laws of the State which naturally affected the weight of his testimony before the jury.

Affirmed.

**Lee, Kyle, Arrington** and **Ethridge, JJ.,** concur.